# United States Court of Appeals
## For the First Circuit

No. 03-2219

UNITED STATES,

Appellee,

v.

DAVID MACKINNON, A/K/A OVID,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Robert A. O'Meara for appellant.
John A. Wortmann, Jr., Assistant United States Attorney, with
whom Michael J. Sullivan, United States Attorney, was on brief for
appellee.

March 16, 2005

**STAHL**, **Senior Circuit Judge**.  Appellant David "Ovid" MacKinnon was sentenced before the Supreme Court's decision in United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), under a mandatory Guidelines system, as a career offender to 262 months imprisonment after pleading guilty to one count of drug trafficking.  His initial request to this court was for a review of the district court's denial of his motion for downward departure, claiming, inter alia, that his physical, mental, and familial circumstances, as well as the fact that his criminal history consists of mostly minor street crimes, took him out of the "heartland" of typical cases with the same sentencing range.  He also claimed that his sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment.  At the invitation of this Court, MacKinnon has filed two supplemental briefs arguing that he should be resentenced in light of Booker.  We agree and remand for resentencing.

## I.  BACKGROUND

Between July 1999 and December 2001, the Drug Enforcement Agency ("DEA"), in conjunction with local, state, and federal agencies, conducted an investigation of drug trafficking in and around the Franklin Hill Housing Project in Dorchester, Massachusetts.  During the course of the investigation, on three occasions, MacKinnon was observed selling crack cocaine.

On January 30, 2002, MacKinnon was charged with

distributing five grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841(a)(1), and Aiding and Abetting in violation of 18 U.S.C. § 2.  Subsequently, on April 2, 2002, the government filed an information pursuant to 21 U.S.C. § 851, informing MacKinnon that he faced enhanced penalties under 21 U.S.C. § 841(b)(1)(B), and establishing MacKinnon's predicate felony convictions for purposes of enhanced sentencing under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.

On January 6, 2003, MacKinnon pleaded guilty to the one count of drug trafficking, but reserved his right to dispute that the amount of drugs involved in the offense of conviction was "five grams or more."[1]

The probation department issued a Pre-Sentence Report ("PSR"), and, based upon the fact that MacKinnon had at least four predicate felony convictions of either a crime of violence or an applicable controlled substance offense, it concluded that MacKinnon was a career offender pursuant to U.S.S.G. § 4B1.1. MacKinnon's resulting base offense level as calculated in the PSR was 37, and his Criminal History Category ("CHC") was VI.  The PSR awarded MacKinnon a three-level downward adjustment for acceptance of responsibility, resulting in an adjusted offense level of 34.

---

[1]  MacKinnon claimed below that the government was unable to prove that the weight of the drugs seized in the offense of conviction was five grams or more because there were less than five grams after testing.

Thus, MacKinnon's Guideline Sentencing Range was 262-324 months' imprisonment.

MacKinnon moved for downward departure on numerous grounds, and the government opposed MacKinnon's request.

At the sentencing hearing, the district court criticized the government's decision to file an § 851 information in MacKinnon's case. Just prior to imposing the sentence, the district court stated:

> I do not believe that the law allows me to depart in this case. . . . There are simply no bases under the law, as I understand it, that allow a departure. It is an obscene sentence that has to be imposed. It is unwarranted by the conduct, granted that Mr. MacKinnon has a hugely long record, but 188 months, which [is what] the sentence would have been without the [§] 851 notice, was more than adequate for this then forty-five-year-old man to serve, he would have been sixty or so when he got out, but I have no choice.

The court further stated: "I have worked hard on the memorandum and tried to figure out some way under the law in which the sentence could be reduced. I can't do it. And although I totally disagree with our government's policies at this stage concerning sentencing, I am bound to obey my oath and to do this according to principle, knowing all the time that this is an unjust, excessive and obscene sentence." The court then concluded by stating "I have no power to grant you leniency. I'm without authority to do other than as the statute prescribes, having in mind the charging decisions that were made and the 851 notice." The court then sentenced MacKinnon to

the minimum permitted under the mandatory Guidelines scheme, 262 months' incarceration followed by eight years of supervised release.

Finding that remand is warranted in light of <u>Booker</u>, we remand for resentencing, and thus we do not address MacKinnon's claims of sentencing error under our pre-<u>Booker</u> precedent or violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

## II. DISCUSSION

In <u>United States</u> v. <u>Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005), decided after we heard argument in MacKinnon's case, the Supreme Court excised the provision of the Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 211-238, 98 Stat. 1987 (1984), that made the Guidelines mandatory in federal court sentencing, 18 U.S.C. § 3353(b)(1). <u>See</u> 125 S. Ct. at 764-68.[2] In addition, the Court stated that the principles announced in <u>Booker</u> apply to all cases pending on direct review. <u>Id.</u> at 769. Courts of appeals were then directed, when evaluating claims under <u>Booker</u>, to "apply ordinary prudential doctrines, determining, for example, whether

---

[2] The Court also excised the provision of the Sentencing Reform Act that gave the courts of appeals de novo review over certain aspects of sentencing, 18 U.S.C. § 3742(3). <u>See</u> <u>Booker</u>, 125 S Ct. at 764-68. The two excised portions of the Act were severed, leaving the remainder of the Sentencing Reform Act intact. <u>See</u> <u>United States</u> v. <u>Antonakopoulos</u>, No. 03-1384, 2005 WL 407365, at *12-*13 (1st Cir. Feb. 22, 2005).

the issue was raised below and whether it fails the 'plain error' test." Id.

In United States v. Antonakopoulos, this court held that the error under Booker is that "the defendant's Guidelines sentence was imposed under a mandatory system." Antonakopoulos, 2005 WL 407365, *10. And, we held there that the argument that a Booker error occurred is preserved if the defendant below argued error under Apprendi v. New Jersey, 520 U.S. 466 (2000), or Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), or that the Guidelines were unconstitutional. Antonakopoulos, 2005 WL 407365, at *13. Here, MacKinnon made no such arguments below, and thus his claim under Booker is unpreserved.

In Antonakopoulos, we also set forth the applicable framework for review of unpreserved Booker claims. Utilizing the four-prong test set forth in United States v. Olano, 507 U.S. 725 (1993), there must be (1) an error (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Antonakopoulos, 2005 WL 407365, at *14-*15. We went on to describe a situation similar to that presented by MacKinnon as one presenting a strong argument for remand:

> [H]istory shows that the mandatory nature of the Guidelines has produced particular results which led trial judges to express that the sentences imposed were unjust, grossly unfair, or disproportionate to the crime committed, and the judges would otherwise have sentenced differently. Where the district judge has said as much

-6-

about a Guidelines sentence, that is a powerful argument for remand. If the resulting sentence after remand is itself unreasonable, the government can appeal.

Id. at *24-*25 (internal citations omitted).

Here, we believe that this record, in light of the judge's comments and the numerous grounds presented by MacKinnon for departure that could not be considered under a mandatory Guidelines system, presents a case for remand.

Accordingly, MacKinnon's sentence is **VACATED**, and the case is **REMANDED** for resentencing.