# United States Court of Appeals

## For the First Circuit

No. 04-1277

UNITED STATES OF AMERICA,

Appellee,

v.

EDWARD R. MORIN, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Bjorn Lange, Assistant Federal Public Defender, for appellant.

Mark E. Howard, Assistant United States Attorney, with whom Thomas P. Colantuono, United States Attorney, was on brief, for appellee.

April 8, 2005

**PER CURIAM.** The defendant, Edward R. Morin, Jr., pleaded guilty to one count of distributing 190 mg of cocaine base under 21 U.S.C. § 841(a)(1). Because of two prior felony convictions, Morin qualified as a career offender under USSG § 4B1.1. The district court calculated a total offense level of 32, which, with Morin's criminal history category of VI, yielded (after a three-level downward adjustment for acceptance of responsibility) a sentencing range of 151 to 188 months.

At sentencing, Morin protested that the amount of drugs involved in his offense was so trivial as to take his case out of the heartland of typical career-offender cases, and he was thus entitled to a downward departure under 18 U.S.C. § 3553(b)(1) and USSG § 5K2.0. The district court was sympathetic to Morin's plight, saying that it would depart downward if it could. Ultimately, however, it concluded that it lacked the authority to do so in Morin's case. The court said, "In my judgment the smallness, if you will, of the drug quantity involved in the offense of conviction is not a basis for a downward departure in this case. If I'm wrong about that, if that does provide a legal basis for a departure downward, I would have departed." The court then sentenced Morin to 151 months in prison, at the lowest end of the available range.

This appeal followed. After the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), we asked for

-2-

supplemental briefing on whether Morin should be resentenced in light of that decision.  We now remand for resentencing.

Morin did not raise his claim of Booker error below, so we review it for plain error.  See United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005).  Morin must show (1) an error (2) that was plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  United States v. Olano, 507 U.S. 725, 732 (1993).  Here, the error was plain.  See Antonakopoulos, 399 F.3d at 77.  In Antonakopoulos, we said that a situation like Morin's would present a strong argument for remand:

> [T]he mandatory nature of the Guidelines has produced particular results which led trial judges to express that the sentences imposed were unjust, grossly unfair, or disproportionate to the crime committed, and the judges would otherwise have sentenced differently.  Where the district judge has said as much about a Guidelines sentence, that is a powerful argument for remand. If the resulting sentence after remand is itself unreasonable, the government can appeal.

Id. at 81 (citations omitted); see also United States v. MacKinnon, __ F.3d __, No. 03-2219, 2005 WL 605031 (1st Cir. Mar. 16, 2005) (remanding under like circumstances).  The district court's comments justify such a remand in this case.

Even if we do remand, the government has asked us "to provide an answer to the 'smallness' question so that re-sentencing can be accomplished in a meaningful manner."  We decline that request.  Morin could raise other arguments under advisory

guidelines that were previously precluded.  The district court may decide to reduce Morin's sentence based on other grounds, and may not need to address the "smallness" question at all.  Prudence dictates that we refrain from answering questions that may have nothing to do with the ultimate resolution of this case.

Morin's sentence is **VACATED**; the case is **REMANDED** for resentencing.