# United States Court of Appeals
## For the First Circuit

No. 03-1680

UNITED STATES OF AMERICA,

Appellee,

v.

ALONSO TAVAREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Lynch, Circuit Judge,
Baldock, Senior Circuit Judge,[*]
Lipez, Circuit Judge.

Patrick M. Hamilton, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief, for appellee.
Karen A. Pickett, with whom Donnelly, Conroy & Gelhaar, LLP was on brief, for appellant.

May 23, 2005

---

[*]Of the Tenth Circuit, sitting by designation.

**LYNCH**, <u>Circuit Judge</u>.  On appeal from his guilty plea and sentence, Alonso Tavarez raises two arguments: (1) that his guilty plea violated Rule 11 of the Federal Rules of Criminal Procedure as it was not knowing and intelligent and (2) that his sentence should be vacated and remanded for resentencing in light of <u>United States</u> v. <u>Booker</u>, 125 S. Ct. 738 (2005), when he did not preserve a claim of error below.  We reject both arguments and affirm Tavarez' conviction and sentence.

On September 20, 2000, a grand jury returned an indictment against Tavarez.  Count One charged him with conspiracy to possess with intent to distribute and to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846.  Count Nineteen charged him with possession with intent to distribute and distribution of at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A)(ii)(II).  Tavarez pled guilty to both of these counts on October 30, 2002.  On March 17, 2003, the district court sentenced the defendant to 70 months' imprisonment followed by three years of supervised release. Although the crime to which the defendant pled guilty carries a mandatory minimum sentence of ten years, <u>see</u> 21 U.S.C. § 841(b)(1)(A), the defendant's sentence was significantly reduced due to the application of the safety valve, 28 U.S.C. § 3553(f), and the defendant's acceptance of responsibility.

We reject Tavarez' first argument that his guilty plea was taken in violation of Fed. R. Crim. P. 11 because it was not "knowing and intelligent" as it was based on an understanding of a sentencing scheme rendered erroneous by United States v. Booker, 125 S. Ct. 738 (2005). The defendant conceded at oral argument that this court's opinion in United States v. Sahlin, 399 F.3d 27 (1st Cir. 2005), resolves this issue against the defendant. See Sahlin, 399 F.3d at 31.

We also reject Tavarez' second argument that his case should be remanded for resentencing because the district court sentenced him under the mandatory Guidelines regime. As the defendant did not preserve this error below, his claim is reviewed for plain error. See United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005). Tavarez must show a "reasonable probability" that the district court would have imposed a lower sentence if the Guidelines were advisory. Id. at 75; see United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005). While we are not "overly demanding as to proof of probability," in this case, the defendant has offered us no "reasonable indication that the district judge might well have reached a different result under advisory guidelines." Heldeman, 402 F.3d at 224. The factors to which Tavarez points -- for example, his status as a deportable felon, his psychiatric history, and his recognition of the consequences of his crime on family members -- do not convince us

that the district court would have imposed a sentence below the sentence he has already received.

Accordingly, his conviction and sentence are **<u>affirmed</u>**.