Jose BORRERO–ARROYO, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CIV. 04–2146(PG).
No. CRIM. 03–157(PG).

United States District Court,
D. Puerto Rico.

July 5, 2005.

---

5. A.C.P. began cooperation soon after his arrest.

José Borrero Arroyo, pro se, for Petitioner.

Nelson Pérez–Sosa, AUSA, for Respondent.

## *ORDER*

PEREZ–GIMENEZ, District Judge.

Upon review of the Magistrate Judge's Report and Recommendation (Docket No. 13), to which no objections were filed, the applicable case law, and the record of this case, the Court hereby **APPROVES and ADOPTS** the Magistrate Judge's Report and Recommendation. Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence is accordingly **DENIED and DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

## REPORT AND RECOMMENDATION

VELEZ-RIVE, United States Magistrate Judge.

### INTRODUCTION

On October 15, 2004, petitioner José Borrero Arroyo filed a motion and affidavit in support of a 28 U.S.C. § 2255 petition seeking to vacate his conviction and sentence imposed after a guilty plea in Criminal No. 03–157(PG). Petitioner submits that, in light of the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the sentence imposed was based on the unconstitutional sentencing guidelines, his leadership role enhancement being contested was in violation of the Sixth Amendment of the United States Constitution, and counsel was ineffective at the plea and sentencing stage. (Civil No. 04–2146, Docket No. 1).

On January 11, 2005, the § 2255 petition was referred to this Magistrate Judge for report and recommendation. (Civil No. 04–2186, Docket No. 3).

On March 21, 2005, the United States filed its Opposition to petitioner's request. (Civil No. 04–2186, Docket No. 12).

### PROCEDURAL BACKGROUND

Above petitioner was charged in a one count indictment, together with nine (9) other co-defendants, with conspiracy to possess with intent to distribute controlled substances, as prohibited by Title 21, *United States Code* 841(a)(1), in violation of 21 U.S.C. § 846.[1] The object of the conspiracy was to distribute heroin, cocaine and cocaine base at the Kennedy Housing Project in Juana Díaz, Puerto Rico, the Flamboyanes Ward in Peñuelas, Puerto Rico, and the La Playa Ward in Ponce, Puerto Rico, for significant financial gain and profit. The roles of the members of the conspiracy identified petitioner Borrero Arroyo aka "Joey" at pertinent times as the one who controlled drug points located at the Flamboyanes and La Playa Ward, in which capacity he controlled and supervised the sale of narcotics at each of these drug points. Petitioner is also described, together with others, to have acted as enforcer for the drug trafficking organization (Indictment ¶¶ III A 1 and C; IV Overt Acts 2–4, 6–9).

On October 14, 2003, petitioner entered a plea of guilty pursuant to a government's plea offer under Rule 11(c)(1)(B) of the Fed.R.Crim.P and the Rule 11 hearing was entertained by the Court. On January 29, 2004, petitioner was sentenced to a term of imprisonment of eighty four (84) months, a supervised release term of four (4) years, and a special monetary assessment of one hundred dollars ($100).

1.  21 U.S.C. § 846. Attempt and conspiracy
    Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

### LEGAL ANALYSIS

### I.  The Sentence Imposed Was Not Unconstitutional.

█ Petitioner claims his sentence should be vacated because the District Court imposed his sentence based on the "unconstitutional" Federal Sentencing Guidelines. Petitioner's request is based under *Blakely*, 542 U.S. ——, 124 S.Ct. at 2531, 159 L.Ed.2d 403 in which the Supreme Court held as unconstitutional a similar sentencing framework in the state of Washington. Accordingly, petitioner avers *Blakely* should apply to the Federal Sentencing Guidelines, thus, his federal sentence should be held unconstitutional.

In *Blakely*, the Supreme Court applied the rule established in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and concluded that defendant's sentence was in direct violation of his Sixth Amendment rights. The Court reiterated that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. ——, 124 S.Ct. at 2536, 159 L.Ed.2d 403. The Court further clarified that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 2537. The Court further clarified that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* In applying this rule to the case before them, the Supreme Court determined the trial

judge had exceeded his authority when he imposed a sentence relying on facts which were not accepted by defendant. *Id.* at 2542.

It is appropriate to discuss this Federal Sentencing Guidelines enhancement under *Booker/Fanfan,* as being the most recent decisions of the United States Supreme Court on this matter.[2] Subsequent to *Blakely,* in *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Fanfan,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court addressed the constitutionality of the Federal Sentencing Guidelines and failed to eliminate them as unconstitutional, thus, preserving their existence by making them advisory rather than mandatory. As such, federal courts are still to take into consideration the Federal Sentencing Guidelines when imposing a sentence.

Thus, the Supreme Court held unconstitutional solely the mandatory application of the Federal Sentencing Guidelines and not the Guidelines themselves. The remaining portions of the Sentencing Reform Act[3] after excising the mandatory wording and the provision that gave the courts of appeals *de novo* review over certain aspects of sentencing as included in 18 U.S.C. § 3742(3) were left intact.

Therefore, petitioner's claim the sentence imposed should be considered unconstitutional lacks merit.

## II. *Blakely/Booker* Claims Have No Retroactive Application on Collateral Relief.

■ Petitioner claims *Blakely* should be applied retroactively to his case. Nonetheless, *Blakely/Booker* claims have no retroactive application on collateral relief. We explain.

The retroactive effect of *Booker* in establishing a new rule about the federal Sentencing Guidelines was not addressed by the Supreme Court, covering solely those cases which were not final when the decision was issued on January 12, 2005. *Booker,* 125 S.Ct. at 769. Thus, like *Blakely, Booker* is not retroactive. *See McReynolds v. United States,* 397 F.3d 479 (7th Cir.2005) (*Booker* does not apply retroactively to criminal cases that became final before its release); *Guzmán v. United States,* 404 F.3d 139, 140 (2nd Cir.2005); *Varela v. United States,* 400 F.3d 864, 868 (11th Cir.2005); *Humphress v. United States,* 398 F.3d 855, 860–63 (6th Cir.2005); *cf. United States v. Hughes,* 396 F.3d 374 (4th Cir.2005) (enhancement factors for sentencing used by court not jury although correct under the Guidelines allowed for re-sentencing after *Booker* ).[4]

The Court of Appeals for the First Circuit has consistently held that petitions under 28 U.S.C. § 2255 are unavailable to advance *Booker* claims in the absence of a Supreme Court decision rendering *Booker* retroactive since this would provide an avenue to escape the restrictions Congress has imposed on *habeas* review. *United*

---

**2.** *Blakely* claims are now viewed through the lens of *United States v. Booker. See Cirilouñoz v. United States,* 404 F.3d 527 (1st Cir. 2005).

**3.** Pub.L. 98–473, Title II, § 211–238, 98 Stat. 1987 (1984).

**4.** *See also United States v. Schneiderhan,* 404 F.3d 73 (1st Cir.2005) (plain error standard

applied to determine if defendant would be entitled to remand for re-sentence); *United States v. MacKinnon,* 401 F.3d 8 (1st Cir. 2005) (The principles announced in *Booker* apply to all cases pending on direct review); *United States v. Sahlin,* 399 F.3d 27 (1st Cir. 2005) (*Booker* provides no basis to vacate the entry of a pre-*Booker* guilty plea); *United States v. Antonakopoulos,* 399 F.3d 68 (1st Cir.2005).

*States v. Fraser*, 407 F.3d 9 (1st Cir.2005); *Cirilo–Muñoz*, 404 F.3d at 527.

In any event, under *Blakely* the arguments raised in this petition would still not be considered to favor petitioner since, on one hand the Supreme Court has not extended *Blakely's* holding to the federal sentencing guidelines and on the other hand, even if the Court would apply *Blakely* to the federal guidelines, *Blakely* does not apply retroactively to initial § 2255 motions for collateral relief. Thus, no retroactive effect is applicable to this case on collateral review.

### III. Unpreserved *Booker–Fanfan* Claims.

The argument that a *Booker* error occurred would be preserved if the defendant below argued *Apprendi*[5] or *Blakely* error or that the Sentencing Guidelines were unconstitutional. This is broader in scope than the argument the mandatory Federal Sentencing Guidelines system was unconstitutional. Generally, there is no *Booker* argument if the sentence imposed was a statutory mandatory minimum sentence resulting from facts found by a jury or admitted by the defendant. *Antonakopoulos*, 399 F.3d at 76. Only in limited circumstances do new rules apply to convictions that have already become final. *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). *See Cirilo Muñoz*, 404 F.3d at 527.

■ The applicable framework for review of unpreserved *Booker* claims appears in *Antonakopoulos*, 399 F.3d at 74, wherein pursuant to the four-prong test established in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), to wit; there must be (1) an error

(2) that is plain, and it (3) affects substantial rights and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings.

■■ The first two (2) prongs of the plain error test are met whenever the district court treated the Guidelines as mandatory at the time of sentencing. *Id.* But to meet the third prong of the test, the defendant must persuade us that there is a "reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' *Booker* regime." *Id.* "[I]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice under plain-error analysis." *Id.* at 77 (citations and internal quotation marks omitted). *See United States v. Serrano–Beauvaix*, 400 F.3d 50 (1st Cir.2005).

■ Turning to this case, the record fails to show herein petitioner preserved the issues, for which reason we will need to then discuss whether petitioner has met his burden under the third prong enunciated in *Antonakopoulos* in that there is a reasonable probability he would be sentenced more leniently under an advisory Sentencing Guideline system. *See United States v. Fornia–Castillo*, 408 F.3d 52, 2005 WL 1253281 (1st Cir.2005) (affirming because defendant failed to convince on appeal that a lower sentence would not have been imposed under a post-Booker, non-mandatory Guidelines regime); *see also United States v. Vázquez–Rivera*, No. 02–1818, 2005 WL 1163672 (1st Cir.2005); *United States v. Tavárez*, 410 F.3d 1, 2005 WL 1208126 (1st Cir.2005).

Petitioner submits the sentencing court's determination as to facts related to

---

**5.** The Court of Appeals for the First Circuit has already decided that *Apprendi* would not apply retroactively and *Booker* does not give

any clear hint that retroactive effect is intended. *Cirilo–Múnoz,* 404 F.3d at 527.

his leadership role in the offense and the two point enhancement violated *Blakely* wherein the Supreme Court held as a matter of constitutional law that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 488, 120 S.Ct. 2348. Thus, the due process clauses of the Fifth and Fourteenth Amendments make the jury the proper decision maker and the reasonable doubt standard is the proper burden, when a fact raises the maximum lawful punishment. *Id.* This is only applicable in situations where "the judge-made factual determination increased the maximum sentence beyond the statutory maximum, and not in situations where the defendant's potential exposure is increased within the statutory range." *United States v. Baltas,* 236 F.3d 27, 40 (1st Cir. 2001).

The record shows, nevertheless, the applicable guideline range considered by the Court and as shown by the Presentence Report fluctuated from seventy to eighty seven (70–87) months of incarceration as to this petitioner. At the time of sentencing, the Court expressed its view that in imposing the sentence it had considered petitioner's personal background, the nature of the offense committed, and the plea agreement between the parties. The Court found the terms stipulated by the parties addressed the sentencing objectives of just punishment and deterrence. Tr. 1–29–2004, p. 7.

Above considerations would be consonant with the Court of Appeals for the First Circuit having recently reiterated that a § 2255 petitioner needs to establish reasonable probability that the district court would impose a more favorable sentence under the new advisory regime. *United States v. Cacho–Bonilla,* 404 F.3d 84 (1st Cir.2005). Notwithstanding, a sentencing court should be free to re-examine the sentencing factors and divert from its prior ruling in the wave of caution.

Petitioner has not established herein there is a likelihood that post-*Booker,* he would be sentenced more leniently. *See Serrano–Beauvaix,* 400 F.3d at 50.[6] As such, it would be most difficult for this Magistrate Judge to elucidate at this juncture how a sentencing court might have sentenced a defendant under the regime now established by *Booker.*

Although the above discussed grounds may consider the herein petition to have no legal merit, the sentencing court's discretionary power cannot be taken lightly as foreclosing all avenues of reconsideration under this § 2255 petition.[7]

## IV. The Two (2) Level Role in the Offense Enhancement Was Proper.

■ Petitioner claims the two (2) level role in the offense enhancement violated his Sixth Amendment rights. Nonetheless, petitioner did not avail himself of the

6. *cf. MacKinnon,* 401 F.3d at 8 (the sentencing court criticized the government's decision to file an § 851 information and considered the sentence policies applicable under the Guidelines to be unjust and excessive and granting no authority to for leniency).

7. The sentencing judge in the instant case may revisit this issue on leniency when considering this Magistrate Judge's report and recommendation, as to which petitioner will have an opportunity to submit timely objections. *See* cases cited in *United States v. Serrano–Beauvaix,; United States v. Hughes,* 396 F.3d 374, 381 n. 8 (4th Cir.2005); *United States v. Oliver,* 397 F.3d 369, 380 n. 3 (6th Cir.2005) (*quoting United States v. Cotton,* 535 U.S. 625, 633, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)); *United States v. Rodríguez,* 398 F.3d 1291, 1301 (11th Cir.2005).

opportunity granted by the presiding judge to object to the role in the offense either during his Rule 11 colloquy or at allocution during the imposition of his sentence. His sole objection appears during an interview in the presence of his attorney for preparing the presentence report. Petitioner's comments were included in the report but neither his counsel nor petitioner filed any objection or presented these arguments to the sentencing court. Petitioner objected to the statement that, during the time he lived in Massachusetts, he continued to control the drug points via his co-conspirators, asserting he discontinued his involvement in the offense once he moved. Thus, even a perusal of the wordings in the presentence interview objecting to the role in the offense would not defeat the propriety of the enhancement.

Furthermore, petitioner in this case did not go to a trial by jury but instead made a change of plea pursuant to a Plea Agreement ("the Agreement"). The Agreement included a Statement of Facts, which was signed by petitioner and his counsel, wherein petitioner acknowledged he was included as being the organizer or leader in the sale of heroin as the owner of the drug point at Los Flamboyanes Ward in Peñuelas and La Playa Ward in Ponce, Puerto Rico. *See* Presentence Report ¶¶ 5, 12; transcript 10–14–2003, p. 14; transcript 1–29–2004, p. 7.

Thus, petitioner admitted in the Agreement and the statement of facts attached thereto, as well as during the Rule 11 colloquy, his role in the offense. *See* Agreement, p. 4, item b.[8] The district judge ascertained petitioner understood and agreed to the representations during the Rule 11 colloquy. Neither did defendant nor his counsel object to the Probation Office's Presentence Report, which made reference to such leadership role in the drug trafficking activity. The government and the parties acknowledged as to evidence regarding petitioner's role in the offense, including the testimony of cooperating defendant, audio and video evidence of some controlled buys of narcotics and including some which depicted him as giving out orders. Tr. 10–14–2003, p. 16.[9]

When a defendant pleads guilty or *nolo contendere* to a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

As to the underlying issue of compliance with the Rule, "[o]n a plea, the question under Rule 11(f) [now Rule 11(b)(3)] is not whether a jury would, or even would be likely, to convict: it is whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence." *United States v. Gandia–Maysonet*, 227 F.3d 1, 6 (1st Cir.2000).

---

8. "(b) The base offense level should be increased by two (2) levels as the defendant was an organizer or leader of the criminal activity as provided by § 3B1.1 of the guidelines."

9. The statement of facts, incorporated to the Agreement states: "... the defendant would further the conspiracy by acting as the owner of drug points in the Las Flamboyanes Ward in Penuelas, Puerto Rico and La Playa Ward, Ponce, Puerto Rico. During a portion of the conspiracy, the Defendant resided in Boston, Massachusetts."

Accordingly, the two (2) level role in the offense enhancement was proper.

## V. Ineffective Assistance of Counsel.

Petitioner also claims his counsel was ineffective at the plea and sentencing stage of the proceedings. This argument is without merit.

The claim of ineffective assistance of counsel should first address this petitioner's non-compliance with the requisites in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984).

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. *See also López–Nieves v. United States*, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." *United States v. Natanel*, 938 F.2d 302, 309 (1st Cir.1991). The "range of reasonable professional assistance" is quite wide. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*

Pursuant to *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052 counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

A review of the record shows petitioner's claims of ineffective assistance of counsel are unsubstantiated. Petitioner's counsel Miriam Ramos–Grateroles has provided a sworn statement under penalty of perjury in which she explains she met on fourteen (14) occasions with petitioner to discuss the evidence of the case. Ms. Ramos Grateroles discussed the Agreement with her client more than once. Petitioner accepted the terms of the Agreement which included the two (2) level enhancement for organizer or leader role. The Presentence Report was also explained to petitioner by his counsel and he accepted same without challenging the leader and/or organizes role in the offense.

As explained above, petitioner signed the Agreement thereby stipulating that the base offense level was going to be increased by two (2) levels for an organizer or leader. Moreover, petitioner stipulated the version of facts which depicted him as the owner of drug points in the Flamboyanes Ward in Peñuelas and La Playa Ward in Ponce.

As to the change of plea hearing, petitioner admitted he had enough time to consult with his counsel; he was satisfied with the services provided by his counsel and she had rendered effective assistance of counsel; nobody forced him to plead guilty; and he was pleading guilty freely and voluntarily. Moreover, during the Rule 11 hearing, the Court addressed petitioner as to the role in the offense explaining to him the base offense level was going to be increased by two (2) levels for his role in the offense and petitioner acknowledged same.

At sentencing, petitioner was afforded and opportunity to speak and he did not object to the role in the offense enhancement. Petitioner did not claim his counsel was being ineffective.

Thus, from an examination of the available criminal record, the Rule 11 tran-

script, and the sentencing proceedings, this Magistrate Judge cannot find that defense counsel's performance was unreasonable, there being no need for additional factual determinations to be made which would require an evidentiary hearing related to contentions in the § 2255 petition.[10]

## CONCLUSION

As discussed herein above, since petitioner has not established merits to his post-conviction motion, it is recommended that petitioner's § 2255 motion for post-conviction relief be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

June 14, 2005.

---

**10.** A hearing on petitioner's motion is not required in this case. A hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. § 2255.

Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Dziurgot v. Luther*, 897 F.2d 1222, 1225 (1st Cir.1990) (*quoting Myatt v. United States*, 875 F.2d 8, 11 (1st Cir.1989)). *See United States v. Rodríguez–Rodríguez*, 929 F.2d 747, 749–50 (1st Cir.1991); *United States v. McGill*, 11 F.3d 223, 225–26 (1st Cir.1993).