# United States Court of Appeals

## For the First Circuit

No. 04-1508

UNITED STATES OF AMERICA,

Appellee,

v.

FRANCISCO AQUINO-DE LA ROSA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Randy Olen on brief for appellant.
Paula D. Silsby, United States Attorney, and James L.
Burke, Assistant U.S. Attorney, on Memorandum in Support of
Summary Affirmance.

August 9, 2005

**Per Curiam**.    In this sentencing appeal, defendant Francisco Aquino-De La Rosa challenges his sentence on the sole ground that resentencing is required by United States v. Booker, 125 S. Ct. 738 (2005).   The government has moved for summary affirmance on the grounds that defendant waived his right to appeal in his plea agreement and that, in any event, the district court did not commit plain error under Booker in sentencing defendant to the bottom of the applicable guidelines range.   We deny the motion for summary affirmance, vacate the sentence, and remand for resentencing because, as discussed more fully below, we find the appeal waiver to be unenforceable and conclude that defendant has satisfied his burden, under United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005), of demonstrating a reasonable probability that the district court would have imposed a lower sentence under advisory guidelines, id. at 75.

Defendant pleaded guilty to reentry after deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a).   His plea agreement contained the following waiver of appeal:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Defendant is also aware that he may, in some circumstances, argue that his plea should be set aside, or his sentence be set aside or reduced, in a collateral challenge (such as, but not limited to a motion under 28 U.S.C. § 2255).   Knowing that, Defendant waives the

-3-

right to appeal or to collaterally challenge the following:

> A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case;
>
> B. The adoption by the District Court at sentencing of the positions found in paragraph 3 above.[1]

That waiver was subject to the following exception:

> Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Relying on this waiver, the government argues that defendant waived his right to appeal his sentence on Booker grounds. Without reaching the question of whether defendant's Booker appeal falls within the scope of the waiver or, instead, within its exception, we decline to enforce the waiver because its terms were not clearly explained during the plea colloquy. United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001).

Here, as in Teeter, the district court failed to call defendant's attention to the appeal waiver and, instead, affirmatively sought and obtained confirmation of defendant's understanding that he had an unqualified right to appeal his

---

[1]The "positions found in paragraph 3" of the plea agreement included the government's "agree[ment] not to oppose the defendant's request to be sentenced at the bottom of the applicable guidelines range."

sentence.  Under those circumstances, enforcing the plea waiver would work a "miscarriage of justice," id. at 26, especially since, as discussed below, defendant's Booker appeal may well result in a reduced sentence.

Defendant concedes that his claim of Booker error was not preserved and that, therefore, he is entitled only to plain error review.  Because defendant was sentenced under a mandatory guidelines system, the first two prongs of the plain error standard have been met.  Antonakopoulos, 399 F.3d at 75.  In determining whether the third and fourth prongs of that test have been met, the court's "principal concern in these Booker 'pipeline' cases is with the likelihood that the defendant would have received a lesser sentence in a post-Booker regime of advisory guidelines." United States v. Heldeman, 402 F.3d 220, 223-24 (1st Cir. 2005) (citing Antonakopoulos, 399 F.3d at 81).  Where the sentencing judge expressly indicates that the sentence mandated by the guidelines is unduly harsh, the third and fourth prongs are satisfied as well. Antonakopoulos, 399 F.3d at 81; see also United States v. Wilkerson, 411 F.3d 1, 10 (1st Cir. 2005); United States v. Lewis, 406 F.3d 11, 21-22 (1st Cir. 2005); United States v. Morin, 403 F.3d 41, 42 (1st Cir. 2005) (per curiam); United States v. MacKinnon, 401 F.3d 8, 11 (1st Cir. 2005).

The judge's comments here[2] indicate a reasonable probability that he would have imposed a more favorable sentence under advisory guidelines.[3] Accordingly, we remand for resentencing. In so doing, we intimate no view on whether defendant should receive a lower sentence on remand or on the reasonableness of his previous sentence or any revised sentence. See Heldeman, 402 F.3d at 224.

The motion for summary affirmance is denied, but the government's alternative request that its motion and supporting memorandum be treated as the brief for the appellee is allowed. The sentence is vacated, and the case is remanded to the district court. See Local R. 27(c).

---

[2]Before imposing a sentence at the bottom of the applicable guidelines range, the judge said to the defendant,

> You seem to me to be a very nice man, and I am sorry that I have to put you in prison for so long. . . . You don't belong here in prison. You belong with your friends; and you belong in your country.
>
> I know that you come here for economic opportunity, but you have a prior drug conviction, and people with prior drug convictions who aren't authorized to enter the country have to spend a lot of time in jail when they get caught, and you've been caught.

[3]The fact that defendant agreed to seek a sentence at the bottom of the applicable guidelines range and did so at sentencing does not bar his present request for resentencing under Booker, as the government contends. Rather, like the district court, defendant understandably believed that that was the lowest sentence the court could legally impose.