# United States Court of Appeals
## For the First Circuit

No. 02-1749

UNITED STATES,

Appellee,

v.

MESFIN HAILE TULLOCH,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

————————————

No. 02-2410

UNITED STATES,

Appellee,

v.

HIGINIO ALEJANDRO CASTILLO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

David Abraham Silverman on brief for appellant Tulloch.

Bruce M. Merrill on brief for appellant Castillo.

Michael J. Sullivan, United States Attorney, and Timothy Q. Feeley, Assistant U.S. Attorney, on Motion for Summary Disposition for appellee.

H.S. Garcia, United States Attorney, Nelson Pérez-Sosa, Assistant U.S. Attorney, and Sonia I. Torres-Pabón, Assistant U.S. Attorney, on brief for appellee.

August 12, 2004

**Per Curiam**.  These appeals raise ongoing issues pertaining to supervised release conditions that were first addressed in this circuit in United States v. Melendez-Santana, 353 F.3d 93 (1st Cir. 2003).  In this opinion, we hold that a mandatory drug testing condition may be included in the written sentencing judgment without having been mentioned at sentencing.  We also hold that the standard supervised release conditions set out in the United States Sentencing Guidelines may be adopted by reference at the sentencing hearing.

## I. Background

In separate criminal proceedings, Higinio Alejandro-Castillo ("Castillo") and Mesfin Haile Tulloch ("Tulloch") pled guilty to entering or attempting to reenter the United States in violation of 8 U.S.C. § 1326(a) and (b)(2).  They were sentenced to terms of imprisonment and three-year terms of supervised release.  On appeal, each of them contends that the sentencing court improperly delegated sentencing authority to the probation officer by allowing the officer to determine how many drug tests were required during their terms on supervision.  See Melendez-Santana, 353 F.3d at 106 (holding that 18 U.S.C. § 3583(d) "requires courts to determine the maximum number of drug tests to be performed beyond the statutory minimum of three").  They also contend that the court included supervised release conditions in the written judgments that were not mentioned specifically at the sentencing

-2-

hearings, in violation of their right to be present at sentencing. See id. at 99-100 (explaining this constitutional and statutory right). To the extent appellants could have raised their present claims of error at their respective sentencing proceedings, but did not, we review those claims for plain error; otherwise, our review is for abuse of discretion. Id. at 102, 107 n.14.

## II. The Claims

### A. Delegation

At Castillo's sentencing hearing, the court made no mention of drug testing. Its written judgment included a supervised release condition requiring him to submit to one drug test within 15 days of release from imprisonment "and thereafter as required by the US Probation Officer." In Tulloch's case, the court ordered him at sentencing to submit to three "periodic drug tests," but made no reference to the probation officer. Its written judgment ordered one drug test within the first 15 days after release and "at least two periodic drug tests thereafter, as directed by the probation officer."

Appellants assert that the written conditions improperly delegated each court's sentencing authority by allowing the probation officer to determine the maximum number of drug tests. We agree. In each case, the sentencing court essentially "vest[ed] the probation officer with the discretion to order an unlimited number of drug tests," which it could not do. Melendez-Santana,

-3-

353 F.3d at 103.  On remand, we direct the respective courts to strike the improper delegation from their written judgments.

Tulloch makes an additional delegation claim.  He contends that the court impermissibly allowed the probation officer to determine the timing of the drug tests.  We reject this claim. As our previous cases indicate, the scheduling of tests to ensure compliance with supervised release conditions is an administrative task that probation officers lawfully may perform.  See United States v. York, 357 F.3d 14, 21-22 (1st Cir. 2004) (sustaining condition ordering "periodic" polygraph examinations); see also Melendez-Santana, 353 F.3d at 103 (expressing doubt that Congress would expect courts to become involved in scheduling drug tests) (dictum).

B.  Right to be Present

Both appellants assert a violation of their right to be present at sentencing.  Castillo complains that the drug testing condition was never mentioned at his sentencing hearing.[1]  Tulloch

---

[1]The government agrees that Castillo's right to be present was violated, raising the question whether there is anything left for this court to do. We conclude that we may, and should, address the issue, and we reach a different conclusion than the parties. See Computervision Corp. & Subsid. v. Commissioner, 164 F.3d 73, 75 (1st Cir. 1999) (stating that the decision whether to address conceded issues is a "prudential" one and describing the pertinent considerations).  Given the widespread use of boilerplate sentencing judgment forms, which often recite conditions not specifically mentioned at sentencing, the issues presented by these appeals will be recurrent ones.  Addressing them now will provide guidance to district courts and criminal defendants alike. Moreover, these issues are not technical or complex, and they have

objects to the standard conditions contained in his written judgment on the ground that the district court had only generally referenced them at sentencing.[2]  To succeed on appeal, appellants must show that the challenged written conditions "conflict in a material way" with their oral sentences.  Melendez-Santana, 353 F.3d at 100.  We conclude that there is no material conflict between appellants' oral sentences imposing terms of supervised release and the written conditions they challenge.  We turn first to Castillo's claim.

1.  Castillo

In theory, requiring repeated drug testing could conceivably inflict a significant burden on supervisees. Therefore, if a drug testing condition is not mentioned at sentencing, defendants might reasonably claim that their right to be present has been violated.  Context is critical, however.  In this case, as our discussion below indicates, the written judgment simply imposes the same burden on Castillo as his oral sentence directing him to serve a supervised release term.  Therefore, there is no material conflict between his written and oral sentences. See id., 353 F.3d at 100 (suggesting that a material conflict

---

been explored carefully in the decisions cited herein, making adversary briefing less critical than it otherwise might be.

[2]The district court told Tulloch that during the supervised release term "you will comply with the standard conditions as set forth in the guidelines[.]"  The written judgment included fourteen of the fifteen standard conditions listed in the Guidelines.

exists where the written sentence imposes a "potentially significant new burden on the Defendant").

Castillo was sentenced in 2002, and drug testing has been a <u>mandatory</u> condition of supervision since 1994.  In that year, 18 U.S.C. § 3583(d) was amended to require drug testing as an explicit condition for defendants on supervised release.  18 U.S.C.A. § 3583(d) (2000) (historical and statutory notes); <u>Melendez-Santana</u>, 353 F.3d at 104.  In 1997, the United States Sentencing Guidelines were amended accordingly, referencing the mandatory drug testing requirement for the first time.  U.S. Sentencing Guidelines Manual § 5D1.3(a)(4) (1997); <u>see</u> 18 U.S.C.A. Fed. Sent. Guidelines (2004 Supp. Pamphlet) (historical notes, 1997 Amendments); <u>United States</u> v. <u>Jackson</u>, 189 F.3d 820, 822 (9th Cir. 1999) (noting that, prior to the 1997 amendment, courts had discretion to impose a drug testing condition under § 5D1.3(b)).  Since their amendment, § 3583(d) and Guideline § 5D1.3(a)(4) have provided defendants facing supervised release terms with constructive notice that they will be required to undergo drug testing during their supervised release terms.  <u>See</u> <u>United States</u> v. <u>Paul</u>, 274 F.3d 155, 172 (5th Cir. 2001) (holding that the Guidelines give constructive notice of mandatory sex offender registration condition), <u>cert. denied</u>, 535 U.S. 1002 (2002); <u>United States</u> v. <u>Brown</u>, 235 F.3d 2, 4 (1st Cir. 2000) (similar; special condition).  The statute and guideline also indicate that the only prerequisite for the drug testing condition

-6-

is that the court impose a supervised release term at sentencing, as it did in this case. Before he was sentenced, moreover, Castillo knew that he would receive a supervised release term and would be subject to certain conditions during that term. At his plea hearing, he was told about the supervised release term, that certain conditions would apply, and that he would be reimprisoned if he violated them. He knew further that his sentence would be determined under the Guidelines.

At the sentencing hearing, the court imposed a three-year term of supervised release. It mentioned some of the applicable conditions, but not the mandatory drug testing condition. In its written judgment, the court ordered drug testing. It did not check the box on the judgment form that courts use to suspend or ameliorate the condition in particular cases.[3] Thus, the failure to mention drug testing at sentencing appears to have been inadvertent.

On these facts, we believe that the reasoning in United States v. Truscello, 168 F.3d 61 (2d Cir. 1999), applies. See also United States v. Torres-Aguilar, 352 F.3d 934, 938 (5th Cir. 2003)

---

[3]Section 3583(d) provides that the drug testing condition "may be ameliorated or suspended by the court as provided in section 3563(a)(4) [sic]." The intended cross-reference is to 18 U.S.C. § 3563(a)(5), which provides that the mandatory drug testing condition applicable to probationers may be ameliorated or suspended by the court "for any individual defendant if the defendant's presentence report indicates a low risk of future substance abuse by the defendant."

(per curiam) (finding the reasoning in <u>Truscello</u> to be persuasive). In <u>Truscello</u>, the Second Circuit considered whether the sentencing court's failure to mention any conditions at all at sentencing after imposing a term of supervised release precluded it from subsequently including certain mandatory and standard conditions in its written judgment. The court of appeals held that it did not because there was no "actual" or "real inconsistency" between the orally imposed term of supervised release and the written judgment specifying the conditions applicable to such term.[4] As it explained, implicit in the very nature of supervision is that conditions are placed on the supervised defendant; thus, in its view, the district court's written judgment merely <u>clarified</u> the ambiguity in the oral sentence. <u>Truscello</u>, 168 F.3d at 63.

Castillo contends that he did not have an opportunity at sentencing to object to the drug testing condition. He claims that it was not warranted because he had not used controlled substances for years and because the court did not find him to be at risk for future drug abuse. As noted above, however, only one fact is necessary to trigger application of the drug testing condition -- that the district court order a term of supervised release, as it

---

[4]In evaluating whether a written condition violates a defendant's right to be present, the Second Circuit looks for a "direct" conflict with the oral sentence, <u>Truscello</u>, 168 F.3d at 62, whereas we look for a "material" conflict, <u>Melendez-Santana</u>, 353 F.3d at 100. If there is any difference in these standards, it does not affect disposition of these cases.

did here at the sentencing hearing.  If, in order to alter his otherwise applicable sentence, Castillo had wished to take advantage of the statutory provision allowing amelioration, he should have raised that issue with the court at sentencing and made the appropriate factual argument.

In sum, we sustain the written drug testing condition (as amended, see footnote 1 above) because the burden it imposes is consistent with the burden mandated by § 3583(d), of which Castillo had constructive notice.  We might reach a different result if a sentencing court were to impose a written drug testing condition, not announced at the sentencing hearing, which orders more drug tests than the minimum three required by the statute.  The statute leaves the imposition of additional tests to the discretion of the district court.  Ordering drug tests beyond the statutory minimum could conceivably impose a "potentially significant new burden" on a defendant, Melendez-Santana, 353 F.3d at 100, and defendants might be able to make some argument at sentencing that could influence the court's determination.  However, we need not decide that matter now.

2.  Tulloch

At sentencing, the district court imposed a term of supervised release on Tulloch and described various supervised release conditions. Among other things, it directed him to "comply with the standard conditions as set forth in the guidelines," but

it did not describe them in detail. The written judgment included conditions substantially similar to the first fourteen of the fifteen standard conditions set out in the Guidelines.[5] See U.S. Sentencing Guidelines Manual § 5D1.3(c)(1)-(14) (2001). Tulloch contends that the court's general reference to the standard conditions failed adequately to notify him which conditions actually would be imposed, thus depriving him of his opportunity to object to them. Moreover, he claims that allowing adoption by reference permits sentencing courts to indiscriminately impose standard conditions on defendants.

For a variety of reasons, we disagree. As with Castillo, Tulloch knew before he was sentenced that he faced a term of supervised release, that conditions would apply during that term, and that the Guidelines controlled his sentencing. The Guidelines flatly recommend the standard conditions, without qualification or prerequisite (other than that a term of supervised release be imposed). U.S.S.G. § 5D1.3(c) ("The following 'standard' conditions are recommended for supervised release.") At sentencing, moreover, the court made clear that the standard

---

[5]The fifteenth condition was not applicable because at sentencing the court ordered "immediate" payment of the mandatory special assessment. The omitted guideline, § 5D1.3(c)(15), imposes a notification requirement on released defendants who have not yet paid their special assessments.

-10-

Guideline conditions would apply,[6] and the written judgment imposed all that were applicable. Thus, the court's oral and written sentences were entirely consistent: they imposed the very same burdens on Tulloch. Indeed, Tulloch does not complain that the written conditions are more onerous, and he does not object to any particular condition; his objection seems entirely theoretical. But we see no potential for abuse in allowing courts to streamline sentencing proceedings by incorporating by reference such well-known, commonly used conditions of supervised release. See Torres-Aguilar, 352 F.3d at 938; Truscello, 168 F.3d at 63.[7] And, in other contexts, we have allowed incorporation by reference at sentencing. See United States v. Tavano, 12 F.3d 301, 307 (1st Cir. 1993) ("As a general rule, a trial court lawfully may make implicit findings with regard to sentencing matters, incorporating

---

[6]If Tulloch had desired additional clarification, he easily could have asked for it at the sentencing hearing.

[7]Indeed, as Truscello indicates, standard conditions either impose requirements essential to the basic administration of the supervised release system, or regulate other matters necessary to effect the purpose of supervised release. 168 F.3d at 63; see Melendez-Santana, 353 F.3d at 96 (characterizing the standard conditions as generally involving the defendant's responsibilities to the probation officer or rehabilitative requirements). They are so uniformly imposed that they have become boilerplate in federal courts. Truscello, 168 F.3d at 63. Consequently, we doubt that defendants can legitimately claim surprise or raise right-to-be-present claims when the standard conditions set out in the Guidelines are included in a written judgment without having been mentioned at the sentencing hearing.

by reference suitably detailed suggestions limned in the PSI Report or advanced by a party.") (concerning drug quantity determination).

We direct the district courts in these appeals to strike the improper delegation to the probation officer from their written judgments. The district court in Appeal No. 02-2410 is ordered to amend the drug testing condition to provide for the minimum number of drug tests mandated in 18 U.S.C. § 3583(d). In all other respects, the judgments of conviction and the sentences are affirmed.