**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1859

UNITED STATES OF AMERICA,

Appellee,

v.

RICHARD A. GAMBARO,

Defendant, Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

David Abraham Silverman on brief for appellant.
Donald C. Lockhart and Kenneth P. Madden, Assistant United States Attorneys, Craig N. Moore, United States Attorney, on brief for appellee.

September 22, 2005

**Per Curiam**.  Richard Gambaro pled guilty to intentionally distributing 53 grams of crack cocaine and was sentenced to 151 months' imprisonment, five years' supervised release, and a fine of $16,735.40.  He now appeals from his sentence on four grounds: (1) that the district court erred in failing to specify the number and timing of drug tests that he must undergo while on supervised release; (2) that the district court impermissibly imposed the standard conditions of supervised release in its written judgment without first announcing them orally at sentencing; (3) that the district court erred in imposing a fine without considering his ability to pay and without making necessary findings; and (4) that he is entitled to resentencing under Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).  Because none of those issues was raised below, they are reviewed only for plain error.  United States v. Glenn, 389 F.3d 283, 288 (1st Cir. 2004).  Finding no such error, we affirm.

1.  Drug Testing Conditions of Supervised Release

Gambaro first argues that the district court violated 18 U.S.C. § 3583(d) and USSG § 5D1.3(a)(4)[1] by failing to specify the maximum number and timing of drug tests that he must undergo while on supervised release.  That argument can be quickly disposed of.

---

[1]Both of those provisions mandate that a defendant on supervised release be required to submit to one drug test within 15 days of release and at least two periodic drug tests thereafter "(as determined by the court)."

As to the number of drug tests, the written judgment specifies that "[t]he defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter." We have construed that language as judicially capping the number of drug tests at three. United States v. Lewandowski, 372 F.3d 470, 471 (1st Cir. 2004).

Gambaro provides no authority for the proposition that the district court was further required to specify the intervals at which drug tests will be administered, and we have found none. Moreover, even if the district court had clearly erred in failing to specify the timing of the drug tests, such an error would not satisfy the third and fourth prongs of the plain error test. United States v. Padilla, 415 F.3d 211, 221-22 (1st Cir. 2005) (en banc).

2.  Failure to Specify Conditions of Supervised Release at Sentencing

Next, Gambaro argues that the district court's failure to announce the specific terms of the drug testing condition or the standard conditions of supervised release at sentencing violated his right to be present at sentencing. That argument also lacks merit.

Such a violation exists only where there is a "material conflict" between the conditions announced at sentencing and those contained in the written judgment. United States v. Meléndez-Santana, 353 F.3d 93, 100 (1st Cir. 2003), overruled, in part, on

other grounds by Padilla. No such conflict exists between the language of the written drug testing condition and the more general language of the orally imposed requirement that Gambaro participate in "periodic testing to determine whether or not [he] is using," particularly where the written condition, as construed above, does not require more than the three drug tests required by the applicable statute, 18 U.S.C. § 3583(d), of which Gambaro had constructive notice. United States v. De Los Santos, 2005 WL 2035234, at *4 (1st Cir. Aug. 24, 2005); United States v. Tulloch, 380 F.3d 8, 13 (1st Cir. 2004).

Nor did the district court err in failing to announce at sentencing the thirteen standard conditions of supervised release contained in the written judgment. At sentencing, the district court expressly stated that Gambaro would be subject to supervision by the probation department after his release from prison and specifically mentioned the conditions prohibiting drug use and requiring work at a lawful occupation. Moreover, as this court previously recognized, "the standard conditions either impose requirements essential to the basic administration of the supervised release system, or regulate other matters necessary to effect the purpose of supervised release . . . [and] are so uniformly imposed that they have become boilerplate in federal courts." Id. at 14 n.8. Consequently, this court found it "doubt[ful] that defendants can legitimately claim surprise or

raise right-to-be-present claims when the standard conditions set out in the Guidelines are included in a written judgment without having been mentioned at the sentencing hearing." Id.

3. The Fine

Gambaro challenges the $16,735.40 fine primarily on the grounds that the district court imposed it without considering his ability to pay and without making any findings as to the relevant factors.[2] Those arguments are foreclosed by our prior decisions holding that express consideration of and findings concerning a defendant's ability to pay and other relevant factors are not required. See United States v. Rowe, 268 F.3d 34, 39 (1st Cir. 2001); United States v. Lujan, 324 F.3d 27, 34 (1st Cir. 2003). Here, moreover, the district court did expressly consider Gambaro's ability to pay and other relevant factors and made express findings that the fine imposed was warranted in light of those factors.

4. *Blakely/Booker* Error

While this appeal was pending, the Supreme Court decided first Blakely and then Booker, and the parties were permitted to file supplemental briefs addressing each of those cases. The parties agree that Gambaro's Blakely/Booker claim was not preserved

---

[2]Gambaro also argues that restitution was improper here because there was no victim. That argument misses the mark because no restitution was ordered. His perfunctory statement, without developed argument or authority, that the fine violated the Excessive Fines clause of the Eighth Amendment need not be addressed. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

below and that the first two prongs of the plain error standard are satisfied since Gambaro was sentenced under the then-mandatory Guidelines. Therefore, the issue here reduces to whether Gambaro has shown a "reasonable probability that the district court would impose a different sentence more favorable to [him] under the new 'advisory Guidelines' Booker regime." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

Gambaro's attempt to make that showing falls short. The mitigating factors he points to--his limited education, his learning disabilities and allegedly diminished mental capacity, his history of alcohol and drug abuse, his parents' divorce, his mother's alcohol abuse, his lack of lawful employment, and his post-offense participation in a drug counseling program--were all proffered, considered, and rejected below as grounds for a downward departure. There is no indication that the judge would be more sympathetic to those same factors under advisory Guidelines. See, e.g., United States v. McLean, 409 F.3d 492, 505 (1st Cir. 2005).

Although the judge repeatedly characterized the sentence as "long," she indicated that a long sentence, supervised release, and a fine were all necessary for purposes of rehabilitation and deterrence of future crimes, particularly given Gambaro's long and serious criminal history, which the judge characterized as among the worst she had ever seen. Given those comments, it is not reasonably probable that the court would impose a lower sentence

under advisory guidelines.  See, e.g., United States v. Fiquereo, 404 F.3d 537, 541 & n.6 (1st Cir. 2005).

Accordingly, the district court's judgment is summarily affirmed.  See Local R. 23(c).