**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No.  04-2598
     05-1740

UNITED STATES,

Appellee,

v.

FELIX SANTOS-RIOS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Olga M. Shepard De Mari on brief for appellant.
     Nelson Perez-Sosa, Assistant U.S. Attorney, and H.S. Garcia,
United States Attorney, on brief for appellee.

October 14, 2005

**Per Curiam**.  Felix Santos-Rios appeals from his sentence imposed following a guilty plea to both counts of an indictment charging him and three co-defendants with conspiracy to possess with intent to distribute cocaine, and aiding and abetting each other to possess with intent to distribute cocaine, in violation of 21 U.S.C. 846, 841(a)(1) and 18 U.S.C. 2.  The district court granted defendant's motion pursuant to 28 U.S.C. § 2255 on the ground that trial counsel was constitutionally ineffective regarding her failure to pursue an appeal on Santos-Rios' behalf. The district court's amended order in the § 2255 case vacated the original sentence and reimposed the same sentence *nunc pro tunc*, thereby restoring defendant's right to appeal.  This appeal was timely filed from the reimposed sentence.

## I. Failure to Grant De Novo Sentencing

Santos-Rios argues that the procedure for reinstating his right to appeal, vacating and reimposing the original sentence without a hearing, violated his right to be present at sentencing. The procedure employed by the district court "is standard practice among federal courts." Pratt v. United States, 129 F.3d 54, 62 (1st Cir. 1997).  We specifically approved such a procedure in United States v. Torres-Otero, 232 F.3d 24, 32 (1st Cir. 2000), holding under similar circumstances that "the district court is not required to engage in *de novo* resentencing, but may instead vacate the initial sentence and summarily reimpose a sentencing judgment

-2-

identical in all respect to the earlier judgment except for the date of entry."  Defendant's right to be present was satisfied by Santos-Rios' presence when the original sentence was imposed, a sentence identical to the one that was subsequently reimposed. See United States v. De Los Santos-Himitola, 924 F.2d 380, 383 (1st Cir. 1991).

## II. Enhancement for Supervisory Role-in-the-Offense

Assuming, without deciding, that appellant raised the issue below, we review for clear error the district court's determination that Santos-Rios had a supervisory role in the offense, meriting a three-level enhancement under U.S.S.G. § 3B1.1(b). See United States v. Cruz, 120 F.3d 1, 3 (1st Cir. 1997). "The government bears the burden of proving that the defendant qualifies for this enhancement.  The evidence supporting the defendant's role in the offense may be wholly circumstantial and the government need only prove that the defendant exercised authority or control over another person on one occasion." United States v. Garcia-Morales, 382 F.3d 12, 19-20 (1st Cir. 2004).

Santos-Rios argues that the district court's role-in-the-offense enhancement was clearly erroneous because the sentencing judge did not make specific findings of fact to support his conclusion.  However, "the district court need not make specific findings when applying a role-in-the-offense enhancement if 'the record clearly reflects the basis of the court's determination.'

United States v. Marrero-Ortiz, 160 F.3d 768, 779 (1st Cir. 1998)." Id. at 20.

A three-level enhancement for a supervisory role is appropriate "'if there is evidence that a defendant in committing the crime, exercised control over, or was otherwise responsible for overseeing the activities of at least one other person.'" United States v. Voccola, 99 F.3d 37, 44 (1st Cir. 1996). The presentence investigation report (PSR), to which defendant made no objections, reported that according to the co-defendants' statements, "it was [Santos-Rios'] role to line up the individuals from the Port Authority and provide them with instructions." PSR, ¶ 11. Santos-Rios admits that he recruited persons employed at the airport to participate in the drug smuggling scheme. This is sufficient to support a finding of a supervisory role in the offense. See e.g., United States v. Conley, 156 F.3d 78, 85 (1st Cir. 1998) (holding that providing addresses to which package would be sent, recruiting two persons to receive falsely addressed packages and supervising them was sufficient to support finding that defendant was a supervisor).

Santos-Rios' argument that co-defendant Carlos Polanco was the real leader of the conspiracy is unavailing. "[A] defendant need not be at the top of a criminal scheme to be a manager or supervisor." United States v. Goldberg, 105 F.3d 770, 777 (1st Cir. 1997). The district court's determination that

-4-

Santos-Rios was a "supervisor" under §3B1.1(b) was not clearly erroneous.

III. Blakely/Booker Error

Santos-Rios argues that he is entitled to resentencing under Blakely v. Washington, 542 U.S. 296 (2004), because the determination that he qualified as a "supervisor" under U.S.S.G. § 3B1.1(b), was made by the sentencing judge, not by a jury. "Blakely claims are now viewed through the lens of United States v. Booker, 125 S. Ct. 738 (2005)." Cirilo-Munoz v. United States, 404 F.3d 527, 532 (2005). The Blakely claim, as viewed in light of Booker, is unavailing. This court has held that "the Sixth Amendment is not violated simply because a judge finds sentencing facts under the guidelines; rather, the error is only that the judge did so pursuant to a mandatory guidelines system." United States v. Martins, 413 F.3d 139, 152 (1st Cir. 2005).

Santos-Rios also argues that he should be resentenced because the district court erred in sentencing him pursuant to a mandatory guidelines system, in violation of Booker, supra. Having failed to raise an Apprendi or Blakely claim below, or to challenge the guidelines on Sixth Amendment grounds, Santos-Rios' claim is subject to plain error review. Specifically, he must show that there is a "reasonable probability that the district court would impose a different sentence more favorable to the defendant under

-5-

the new 'advisory Guidelines' Booker regime." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

Santos-Rios offers no developed argument in support of such a claim, nor does the record support that claim. He received a 155-month sentence, four months above the bottom of the Guidelines sentencing range. The comments of the sentencing court indicate that the court considered the long sentence that Santos-Rios would receive under the Guidelines to be consistent with Congress' intent to deter participation in such drug trafficking conspiracies, and appropriate in view of the harm and suffering that results from such drug trafficking. Santos-Rios has not met his burden of demonstrating a reasonable probability that the court would have imposed a more lenient sentence under an advisory Guidelines scheme.

IV. Conditions of Supervised Release

Santos-Rios claims that the drug testing and drug treatment conditions of his supervised release violated his right to be present at sentencing and constituted an improper delegation of authority to the probation officer. See Melendez-Santana, supra. As in Melendez-Santana, the district court's failure at Santos-Rios' sentencing hearing "to announce the drug treatment condition . . . created a material conflict between the written and oral sentencing orders. . . . This procedure violated [defendant's] right to be present at sentencing." Melendez-Santana, 353 F.3d at

-6-

100.  As in that case, the drug treatment condition imposed here must be deleted from the written judgment.[1]

As the government concedes, the sentencing court improperly delegated to the probation officer the authority to determine the number of drug tests he would be subject to.  See Melendez-Santana, 353 F.3d at 101-06.  Because Santos-Rios did not object to the delegation at sentencing, however, plain error review applies.  See United States v. Padilla, 415 F.3d 211, 220 (1st Cir. 2005).  And Santos-Rios has failed to demonstrate that the improper delegation to the probation officer of authority to determine the number of drug tests can satisfy the third or fourth elements of the plain error test.  See id. at 224.  Therefore, the drug testing conditions of supervised release withstand appellant's challenge.

We remand with directions to the district court to delete the drug treatment requirement from the written conditions of supervised release.  In all other respects, the judgment and sentence are affirmed.  See 1st Cir. R. 27(c).

---

[1] Appellant's argument that his right to be present was also violated by the failure of the district court to announce the drug testing condition at the sentencing hearing is unavailing. The court announced the drug testing condition at sentencing. Moreover, even if it had not, Santos-Rios had constructive notice of that condition. See United States v. Tulloch, 380 F.3d 8, 13 (1st Cir. 2004).