**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4682**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZADGERY COLLINS MCNEIL, a/k/a Zad,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Terry L .Wooten, Senior District Judge.  (0:17-cr-00765-TLW-1)

_____

Submitted:  March 20, 2025                                    Decided:  May 6, 2025

_____

Before DIAZ, Chief Judge, and GREGORY and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zadgery Collins McNeil appeals the sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2),[1] and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D).  The district court sentenced McNeil to 150 months' imprisonment and four years' supervised release.  On appeal, McNeil asserts that the district court erred in determining that he had two prior convictions for controlled substance offenses and enhancing his Sentencing Guidelines range accordingly.  He further argues that the court did not orally pronounce the standard supervised release conditions that appear in the written judgment and failed to adequately explain its imposition of those conditions.[2]  We affirm.

We "consider[] *de novo* whether a prior conviction is a controlled substance offense under the Guidelines."  *United States v. Miller*, 75 F.4th 215, 228-29 (4th Cir. 2023) (internal quotation marks omitted).  The district court enhanced McNeil's Guidelines range

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The new penalty provision does not apply in this case, however, because McNeil committed his offense before the June 25, 2022, amendment to the statute.

[2] McNeil has also filed a Fed. R. App. P. 28(j) notice of supplemental authorities suggesting that his § 922(g)(1) conviction is unsound following the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022) (holding that firearm regulation is valid under Second Amendment only if it is "consistent with this Nation's historical tradition of firearm regulation").  In light of our precedent regarding § 922(g)(1), we conclude that McNeil's reliance on *Bruen* is misplaced.  *See, e.g., United States v. Hunt*, 123 F.4th 697, 708 (4th Cir. 2024) (rejecting as-applied constitutional challenge to § 922(g)(1) following *Bruen*).

2

based on its determination that McNeil's prior South Carolina convictions for distribution of marijuana qualified as controlled substance offenses. Citing *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), McNeil argues that the South Carolina statute under which he was convicted criminalizes attempted distribution and thus sweeps more broadly than the relevant Guidelines definition of a controlled substance offense, which did not reach attempt crimes.[3] *See id.* at 444. However, we have squarely held that "a distribution conviction under South Carolina's statute *is* a controlled substance offense as defined by the Guidelines." *United States v. Jackson*, 127 F.4th 448, 450 (4th Cir. 2025); *see id.* at 455 (explaining that South Carolina statute "does *not* reach attempted distribution offenses"). Thus, the district court properly treated McNeil's prior convictions as controlled substance offenses for purposes of calculating his Guidelines range.

Turning to the supervised release conditions, in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), we held that a district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *Id.* at 299. A "district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.* "Discretionary conditions that appear for the first time in a subsequent

---

[3] The Guidelines definition of "controlled substance offense" has since been amended to include inchoate offenses. *See Amendments to the Sentencing Guidelines* § 4B1.2(d) (Apr. 27, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf [https://perma.cc/89MG-X7K7].

written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). When, as here, "a defendant claims that a district court committed a *Rogers* error, we review the consistency of the defendant's oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (cleaned up).

On appeal, McNeil argues that the district court did not adequately announce the Guidelines standard conditions of supervision that appear in the written judgment. However, the court ordered McNeil to "comply with the mandatory and standard conditions of supervision outlined at [18 U.S.C. §] 3583(d)." (J.A. 164).[4] And in *United States v. Cisson*, we found that a similar pronouncement was sufficient to incorporate by reference the Guidelines standard conditions. 33 F.4th at 194. We observed that the District of South Carolina has no standing order listing supervised release conditions that differ from the standard conditions in the Guidelines. *Id.* Thus, in stating that it would "impose the 'mandatory and standard conditions' of supervised release . . . there [was] no other set of 'standard' conditions to which the [district] court could have been referring other than the Guidelines 'standard conditions." *Id.* (emphasis omitted). Because there were no other standard conditions of supervision to which the district court could have been referring in this case, we conclude that it sufficiently pronounced through incorporation the standard conditions in the Guidelines. *See id.*

---

[4] "J.A." refers to the Joint Appendix filed by the parties in this appeal.

4

McNeil also argues that the district court committed *Rogers* error because the first standard condition in the judgment materially differs from the court's oral pronouncement of that condition at sentencing. Specifically, at sentencing, the district court ordered that, upon his release from custody, McNeil must report to the probation office in the federal judicial "district to which [he] is released." (J.A. 164). The judgment, however, instructed that McNeil must report to the probation office in the "district where [he is] authorized to reside." (J.A. 187). McNeil asserts that this facial discrepancy constitutes *Rogers* error.

A material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error. *See Cisson*, 33 F.4th at 194 & n.6. However, McNeil fails to demonstrate a reversible inconsistency under *Rogers*. The district court at the sentencing hearing orally pronounced through incorporation the Guidelines standard conditions, which included the condition requiring McNeil to report to the probation office in the district where he is authorized to reside, but also ordered McNeil to report in the district to which he is released. Thus, the district court's oral pronouncement itself was inconsistent, as it left ambiguous where McNeil must report upon his release from custody. "[W]here the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." *Rogers*, 961 F.3d at 299. We are satisfied that the written judgment's inclusion of the Guidelines standard reporting condition dispels the ambiguity in the district court's oral pronouncement and confirms the court's intent to require McNeil to report to the probation office in the district where he is authorized to reside.

Next, McNeil contends that his sentence is procedurally unreasonable because the district court failed to explain why it imposed the standard conditions of supervised release. "District courts have broad latitude to impose discretionary conditions of supervised release." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021) (internal quotation marks omitted). A district court may impose any discretionary condition so long as it "is reasonably related to the statutory sentencing factors referenced in 18 U.S.C. § 3583(d)(1)." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). The condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to satisfy these factors, 18 U.S.C. § 3583(d)(2), and be "consistent with any pertinent policy statements issued by the Sentencing Commission," 18 U.S.C. § 3583(d)(3).

A district court must explain why a discretionary condition is warranted under § 3583(d). *Boyd*, 5 F.4th at 557. However, "[t]he degree of explanation required—the appropriateness of brevity or length, conciseness or detail, when to write, what to say— varies with the complexity of a given case." *Id.* (cleaned up). "[I]f the reasons for a given condition are self-evident, and a defendant fails to raise nonfrivolous objections, a sentence-as-a-whole explanation can suffice." *Id.* at 559 (cleaned up). Here, because McNeil did not object to the district court's imposition of the standard conditions of supervised release, we review his claim for plain error. *United States v. Elbaz*, 52 F.4th 593, 613 (4th Cir. 2022).

We conclude that McNeil has not shown plain error. The district court explained that the sentence it chose was warranted because of the dangerousness of McNeil's offense

6

conduct and his extensive criminal history, which included multiple convictions for drug distribution and an aggravated assault conviction.  In light of the court's explanation for the sentence as a whole and its emphasis on McNeil's dangerousness and recidivism, we conclude that its reasons for imposing the standard conditions of supervised release are self-evident.  *See United States v. Tulloch*, 380 F.3d 8, 14 n.8 (1st Cir. 2004) (noting that "standard conditions either impose requirements essential to the basic administration of the supervised release system, or regulate other matters necessary to effect the purpose of supervised release").

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7